IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SEATTLE BANK, | |
| Plaintiff, | |
| v. | 2:25-CV-101-Z-BR |
| DARRELL CROFFORD, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment Against Defendants Donna Bain and Robert Patteson Jr. (together, the "Defendants"), filed July 18, 2025 ("Motion"). ECF No. 25. Having reviewed the Motion, briefing, and relevant law, the Motion is **GRANTED**.

**BACKGROUND**

This proceeding concerns a home equity loan agreement, secured by the property made subject of this suit.[1] ECF No. 1 at 5. In June 2007, Jimmie L. Crofford conveyed the Property to Melba Crofford (together, the "Borrowers") by means of a General Warranty Deed. *Id.* Together, they executed an *Adjustable Rate Note (Home Equity Conversion)* originally payable to Maverick Residential Mortgage, Inc, as well as an *Adjustable Rate Home Equity Conversion Deed of Trust*. *Id.* at 6. The Note and Deed of Trust comprise the Loan Agreement, which grants Maverick a security interest in the Property. *Id.*

Plaintiff is the holder of the Note and beneficiary of the Deed of Trust. *Id.* at 7; ECF No. 1-1 at 31–37. Under the terms of the Note, immediate payment in full of all outstanding principal

---

[1] This property is commonly known as 5204 Albert Avenue, Amarillo, Texas 79106 (the "Property"). For a legal description of the land, see ECF Nos. 1 at 7, 1-1.

1

and accrued interest can be required if all borrowers die. ECF No. 1 at 7. Further, the Loan Agreement provides that should Borrowers fail to comply with all covenants and conditions of the security instrument, it may be enforced by selling the Property. As all Borrowers are deceased, an event of default has occurred. *Id.* Because no probate has been properly opened for Borrowers, meaning there is no personal representative to be made a party to the action, Borrowers' heirs acquired all of Borrowers' interests in the Property. The default was not cured, and the maturity of the debt was accelerated. *Id.* at 8. Thus, Plaintiff filed suit against Borrowers' heirs to obtain judgment permitting foreclosure and reformation of the legal description of the Property.

Plaintiff filed its Original Complaint against six defendants on May 7, 2025: (1) Darrell Crofford, (2) Donald Crofford, (3) Jimmie C. Crofford, (4) Donna Bain, (5) Cynthia Cushman, and (6) Robert Patteson Jr. ECF No. 1. Defendants Donna Bain and Robert Patteson Jr. are the subject of the instant Motion. Both were served with a copy of the Original Complaint (ECF Nos. 13, 14), and both failed to serve an answer. Plaintiff then filed its Amended Complaint on June 2, 2025. ECF No. 15. Again, both Defendants were served and both failed to respond. ECF Nos. 18, 25-1 at 6. Neither has otherwise appeared in the action.

Accordingly, Plaintiff moved for and received entry of a Clerk's Default against both Defendants. ECF No. 23. Now that default has been entered, Plaintiff asks the Court to render default judgment against Defendants Donna Bain and Robert Patteson Jr. pursuant to Federal Rule of Civil Procedure 55.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment—"a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal citation omitted).

Defendants default when they fail to plead or otherwise respond to the complaint within the allotted time, thereby entitling the plaintiff to apply for judgment based on such default. *See* FED. R. CIV. P. 55(a). If a default occurs and the Clerk enters default, the movant may "apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). But courts may grant or deny in their discretion. *Lewis*, 236 F.3d at 767.

Default judgment is available if a movant establishes: (1) that the defendant was served with summons and complaint and default was entered for the defendant's failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service; and (4) if the defendant has appeared in the action, that the defendant had notice of the application for default judgment. FED. R. CIV. P. 55(b)(2); 50 U.S.C. § 3931. The movant must also make a prima facie showing of jurisdiction. *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001).

A three-pronged analysis guides courts in determining whether default judgment is appropriate. *Rubin v. Carvi's Custom Painting, LLC*, No. 4:24-CV-005, 2024 WL 3363920, at *1 (N.D. Tex. July 10, 2024). First, a court must ask if default judgment is procedurally proper. *Id.* This requires consideration of the six *Lindsey* factors, provided by the Fifth Circuit: (1) "whether material issues of fact are at issue," (2) "whether there has been substantial prejudice," (3) "whether the grounds for default are clearly established," (4) "whether the default was caused by a good faith mistake or excusable neglect," (5) "the harshness of a default judgment," and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Second, if default judgment is procedurally proper, courts analyze the substantive merits of the plaintiff's claims. *Rubin*, 2024 WL 3363920, at *1. This requires a "sufficient basis in the pleadings for the judgment." *Id.*; *see also* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain

statement of the claim showing that the pleader is entitled to relief"). By failing to answer a complaint, a defendant admits the plaintiff's allegations of fact, and the facts are deemed admitted for purposes of judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant may not contest these facts on appeal. *Id.*

Third, courts determine what form of relief—if any—is appropriate. *Rubin*, 2024 WL 3363920, at *1. In making this determination, it is not necessary to take the plaintiff's well-pleaded factual allegations regarding damages as true. *Id.* If damages are readily calculable, a court may enter default judgment without conducting a hearing, upon timely motion from the plaintiff. *Id.*; FED. R. CIV. P. 55(b).

ANALYSIS

### I. Default judgment is procedurally proper

#### a. Material issues of fact

"Default judgments are improper where material issues of fact remain notwithstanding a defendant's default." *Rubin*, 2024 WL 3363920, at *2 (quoting *Lindsey*, 161 F.3d at 893). No such material issues remain here. As Plaintiff correctly notes, Defendants' default requires the Court to assume the truth of Plaintiff's allegations presented in the Amended Complaint. *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *2 (E.D. Tex. June 15, 2017) ("[W]hen a defendant defaults, he admits to the plaintiff's well-pleaded allegations of fact. Therefore, no material facts are in dispute."); ECF No. 25 at 3. The first *Lindsey* factor favors default judgment.

#### b. Substantial prejudice

Where a litigant's rights would be substantially prejudiced, a default judgment is also improper. *Rubin*, 2024 WL 3363920, at *2. Plaintiff's interests are certainly prejudiced, as Defendants' "failure to respond [brings] the adversary process to a halt." *United States v.*

*Fincanon*, No. 7:08-CV-061, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009). As Defendants have failed to engage with or rebut the instant litigation in any way, the second *Lindsey* factor supports default judgment.

### c. Clearly established grounds for default

Default judgment is "available only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Just so here. Defendants have not responded to Plaintiff's Original or Amended Complaint, have not engaged in any way following the Clerk's Entry of Default on July 11, 2025, or responded to Plaintiff's Motion for Default Judgment. The third *Lindsey* factor supports default judgment.

### d. Good-faith mistake, excusable neglect, and harshness

Default judgment is a harsh remedy and should only be resorted to "in extreme situations." *Lewis*, 236 F.3d at 767. Accordingly, default judgment may be too extreme where default results from a "good faith mistake" or "excusable neglect." *Rubin*, 2024 WL 3363920, at *3. Neglect is not considered excusable where there is a "clear record of delay or contumacious conduct." *Sun Bank of Ocala*, 874 F.2d at 276. Here, the record lacks any indication that Defendants' default resulted from a good-faith mistake or excusable neglect. As discussed above, Defendants were properly served with process (ECF Nos. 13, 14, 18, 25-1 at 6) and received ample notice of this action and sufficient time to respond—yet, they have neglected at every turn to engage in the adversary process. Because the Court is without any explanation for Defendants' inability or unwillingness to make an appearance, the fourth and fifth *Lindsey* factors support default judgment.

### *e. Obligation to set aside default judgment*

The sixth and final *Lindsey* factor asks "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. Given the clear satisfaction of the preceding *Lindsey* factors, the Court finds no reason to set aside the default judgment upon motion from Defendants. *See Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (stating that district courts are not required to set aside a default where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense").

\* \* \*

The *Lindsey* factors offer little support for Defendants. Given the clear satisfaction of these elements, the Court finds default judgment is procedurally warranted here.

### II. Default judgment is substantively proper

Having found default judgment warranted under *Lindsey*, the Court now looks to the substantive merits of Plaintiff's claim. The Court first asks if Plaintiff's pleadings adequately establish a sufficient basis for default judgment—in short, whether Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 8. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206; FED. R. CIV. P. 8(a) (requiring a "short and plain statement" of the claim).

To foreclose under a security instrument in Texas with a power of sale, the party must demonstrate that "(1) a debt exists; (2) the debt is secured by a lien created under [Texas law]; (3) [the borrower is] in default under the note and security instrument; and (4) [the borrower] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013).

Plaintiff's Complaint (ECF No. 1) and instant Motion (ECF No. 25) certainly suffice. Plaintiff's Amended Complaint alleges that on or about July 12, 2007, the Borrowers—Jimmie L. Crofford and Melba Crofford—executed an *Adjustable Rate Note* in the principal amount of

$210,600.00 bearing an initial interest rate of 6.0200% per annum in favor of Maverick Residential Mortgage, Inc. as a lender on a loan secured by the Property. ECF Nos. 1 at 6, 1-1 at 7–12 (copy of the Note). Plaintiff also alleges that Borrowers executed an *Adjustable Rate Home Equity Conversion Deed of Trust* concurrently with the Note, recorded in the official public records of Potter County, Texas. ECF Nos. 1 at 6, 1-1 at 16–27 (copy of the Deed of Trust). This granted Maverick, as well as its successors and assigns, a security interest in the Property. ECF No. 1 at 6. Next, Plaintiff alleges that a notice of default was provided in accordance with Section 51.002(d) of the Loan Agreement and the Texas Property Code. ECF Nos. 1 at 7; 1-1 at 39–56 (copy of Notice of Default). This default remained uncured, resulting in acceleration of the maturity of the debt. ECF Nos. 1 at 8, 1-1 at 58–61 (copy of Notice of Acceleration). Thus, Plaintiff has satisfied all elements required to foreclose under a security instrument in Texas with a power of sale.

Plaintiff has also established that Defendants were properly served (ECF Nos. 13, 14, 18, 25-1 at 6) and that the Clerk entered Default (ECF No. 23). Plaintiff has also attested that Defendants are not minors, incompetent persons, or engaged in active military service. ECF No. 25-1 at 11–14.

Hence, Plaintiff's claim has substantive merit. Although default judgments are an extreme remedy, Plaintiff's entitlement here is without question. *See Joe Hand Promotions, Inc. v. Stephanie G. Cuellar*, No. 4:24-CV-756, 2025 WL 361461, at *4 (N.D. Tex. Jan. 15, 2025) (finding a plaintiff's entitlement to default judgment "beyond dispute" where their claim was both procedurally and substantively meritorious). The Court must now determine the relief to which Plaintiff is entitled, if any.

### III. Form of relief

Because Plaintiff has provided a sufficient basis in the pleadings for default judgment, the Court must determine "what form of relief, if any, [the moving party] should receive." *Graham*, 2017 WL 2600318, at *1 (citing *Lindsey*, 161 F.3d at 893). In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). In other words, the relief requested in a live pleading limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). And after a party "is in default, the court accepts as true all facts set forth in the complaint *aside* from those relating to damages." *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *3 (E.D. Tex. Feb. 3, 2012) (emphasis added).

Plaintiff does not seek monetary damages, but rather requests a declaratory judgment regarding its authority to enforce the power of sale in the security instrument through non-judicial foreclosure of the Property. ECF No. 25 at 4, 6–7. Courts have often recommended this precise remedy: the award of a judgment permitting the enforcement of a security instrument against real property through non-judicial foreclosure. *See, e.g., Graca v. First Nat'l Bank of Trenton*, No. 4:19-CV-920, 2020 WL 7251430, at *4 (E.D. Tex. Nov. 18, 2020); *U.S. Bank Nat'l Ass'n v. Chase*, No. 5:19-CV-229, 2020 WL 5048154, at *8 (N.D. Tex. Aug. 4, 2020); *Wilmington Sav. Fund Soc'y, FSB v. Salyer*, No. 1:19-CV-942, 2020 WL 2110820, at *3 (W.D. Tex. May 4, 2020). Accordingly, the Court finds that Plaintiff is entitled to a final default judgment under Rule 55 against Defendants for non-judicial foreclosure, detailed further below.

In addition, Plaintiff requests "that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by Decedent and Defendants under the subject Note and Deed of Trust." ECF No. 25 at 7. The Court also finds this request appropriate here.

CONCLUSION

For the above reasons, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 25) is **GRANTED**. The Court **AWARDS** Plaintiff the following relief:

- Judgment against Defendants for court costs;

- Judgment against Defendants for reasonable attorney's fees as a further obligation owed under the Note and Security Instrument;

- Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code Section 51.0001;

- Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of the judgment until paid; and (d) costs of court;

- Judgment against Defendants declaring that Plaintiff may foreclose on Defendants' interest on the Property pursuant to the Deed of Trust any other related and necessary filings in the chain of title for the Property.

**SO ORDERED.**

October 10, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE